IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ANTHONY BROWN                                                                                   PLAINTIFF

v.                                            Case No. 4:23-cv-04079

OFFICER WHITESIDE,
Officer/Jailer, Miller County Sheriff's
Department; SHERIFF JACKIE RUNION,
Miller County Detention Center (MCDC);
DIRECT SUPERVISORS, Sheriff Department;
and MILLER COUNTY SHERIFF DEPT.                                                         DEFENDANTS

## ORDER

Currently before the Court is Plaintiff's failure to comply with orders of the Court. Plaintiff Anthony Brown originally filed this 42 U.S.C. § 1983 action *pro se* on August 17, 2023, in the United States District Court for the Eastern District of Arkansas. ECF No. 2. The Eastern District transferred the case to this Court on August 21, 2023. ECF No. 3.

On August 22, 2023, Magistrate Judge Barry Bryant granted Plaintiff's application to proceed *in forma pauperis* (IFP). ECF No. 6. In that Order, in accordance with Local Rule 5.5(c), Plaintiff was directed to update the Court with any change of address within thirty (30) days of any such change and warned him that failing to do so would result in this matter being subject to dismissal. *Id.* That same day, after identifying potential legal and factual deficiencies with Plaintiff's original complaint, Judge Bryant ordered Plaintiff to submit an amended complaint by September 12, 2023. ECF No. 7. That Order also cautioned Plaintiff that failure to comply would result in dismissal of the action. *Id.* Those Orders were initially returned as undeliverable and then re-sent to FCC-Forrest City. ECF Nos. 9,10. They were not returned as undeliverable from FCC-Forrest City.

When the deadline for submitting an amended complaint passed with no response from Plaintiff, Magistrate Judge Christy D. Comstock ordered Plaintiff to show cause why this matter should not be dismissed for failure to comply with court orders. ECF No. 11. The show cause response was due October 6, 2023. *Id.* Plaintiff submitted an amended complaint on September 19, 2023. ECF No. 12. Upon preliminary review of the amended complaint pursuant to the Court's preservice screening obligation under 28 U.S.C. § 1915A(a), Judge Comstock ordered Plaintiff to file a second amended complaint and warned him that failure to do so would result in this matter being subject to dismissal for failure to comply with court orders. ECF No. 13. That Order specifically outlined the factual and legal deficiencies in the amended complaint. *Id.* The second amended complaint was due October 11, 2023. *Id.* That Order was not returned as undeliverable. When that deadline passed with no response from Plaintiff, Judge Comstock again ordered Plaintiff to show cause why this matter should not be dismissed for failure to comply with court orders. ECF No. 14. The show cause deadline was November 7, 2023. *Id.* That Order was not returned as undeliverable. The deadline on the second show cause order has now passed and Plaintiff has failed to respond.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2). Additionally, the Federal Rules of Civil Procedure specifically contemplate

dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey multiple orders of the Court.  Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed.  Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 12th day of December, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge